## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

BENJAMIN JACOBS,
            PLAINTIFF,

v.                                    CIVIL ACTION NO.:

GMRI, INC., D/B/A CHEDDARS
SCRATCH KITCHEN.
            DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Benjamin Jacobs, (hereinafter referred to as the "Plaintiff" or "Jacobs"), by and through his undersigned attorney, sues defendant, GMRI, INC., d/b/a Cheddars Scratch Kitchen (hereinafter, "Defendant" or "Cheddars") and alleges as follows:

### *JURISDICTION AND VENUE*

1.     This is an action to remedy discrimination and hostile work environment on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes; Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA); and Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

1

2.      Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

4.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5.      Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201918462) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900476) on March 1, 2019, and received a determination from the FCHR on October 10, 2019, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on November 19, 2019.

## *PARTIES*

6.     Plaintiff is a Hispanic/Caucasian male and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida. Plaintiff worked for defendant as a culinary manager from his hire in December 2014, until his unlawful termination on February 11, 2019.

7.     Defendant, GMRI, INC., d/b/a Cheddars Scratch Kitchen, is a for profit Company which also owns and operates various restaurants such as Olive Garden, LongHorn Steakhouse, Cheddar's Scratch Kitchen, Yard House, The Capital Grille, Seasons 52, Bahama Breeze and Eddie V's. Defendant employs more than 180,000 team members in more than 1,700 restaurants across the United States and Florida. Defendant is an employer within the meaning of the ADA, Title VII and FCRA, as it employs in excess of 15 employees.

## *FACTS*

8.     Plaintiff is a Hispanic/Caucasian male.

9.     Plaintiff was employed by Defendant as a culinary manager from December 2014, until his unlawful termination on February 11, 2019.

10.     During Plaintiff's four (4) years of employment with Defendant, he performed his duties as a culinary manager in a more than satisfactory manner.

11.     Defendant has a policy that prohibits conduct or behavior such as derogatory comments, epithets, slurs, explicit jokes or any other unwelcome

3

behavior based on legally protected status, race, color and national origin that has the purpose or effect of creating or contributing to an offensive or hostile work environment.

12.    Defendant's policy further prohibited conduct such as yelling derogatory threats, epithets, comments or slurs and retaliation for reporting such derogatory and harassing behavior.

13.    Defendant's reporting policy stated that any employee who believed that he has been subjected to discrimination or harassment from a co-worker or supervisor should immediately report such incidents to his immediate supervisor or a member of senior management.

14.    On 1/22/2019, an incident occurred between two line cooks, one white the other black, where the white line cook was called a "f***ing cracker" by the black line cook.

15.    The white line cook was very upset at the clearly derogatory and racial slur and reported the incident to Plaintiff.

16.     Plaintiff filed a report with Defendant's HR department about the incident as required by Defendant's anti-discrimination policy.

17.    Plaintiff's GM, Dave Quadrini, became very upset with Plaintiff after he learned that Plaintiff reported the matter to Mike Belkhadir in Defendant's HR department.

18.    Mr. Quadrini said that this matter should have been handled in house and not reported to the corporate HR department.

19.    Thereafter, Mr. Quadrini began to retaliate against Plaintiff for reporting the racially discriminatory remarks to Defendant's HR department.

20.    Mr. Quadrini became even more verbally hostile towards Plaintiff in retaliation to the point where Plaintiff had to speak with Mike Belkahair (regional manager) and expressed his concerns about how this was handled.

21.    Plaintiff told Mr. Belkahair he felt like Mr. Quadrini was going to harass him over the decision to call HR and he was worried about how to deal with Mr. Quadrini.

22.    Mr. Belkahair told me Plaintiff he had nothing to worry about and reassure him that he made the right decision to involve corporate regarding this matter.

23.    Mr. Quadrini told Plaintiff that he ruined the employees 15 years of service with Darden for calling it in.

24.    Plaintiff witnessed Mr. Quadrini make several decisions based on others ethnicity.

25.    Mr. Quadrini would treat hourly and others manager's with favor if they looked like him.

26.    Plaintiff saw him treat a white manager and a black manager accused

5

of the same sexual offense completely different.

27.     With the white manager Mr. Quadrini tried to sweep the indecent under the rug and keep it away from corporate.

28.     The black manager was terminated and a complete investigation from corporate was initiated.

29.      Mr. Quadrini would tell Plainitff not to call in anything to HR ever, because as he didn't want them coming in and "snooping around his store".

30.     Mr. Quadrini treated individuals with disabilities differently, Plaintiff witnessed him discriminate against Phyllis Farren (female manager) by telling HR that after her stroke, and her time away from work, she should be listed as unable to do the job and told to file for disability.

31.     Mr. Quadrini also lied about Ms. Farren's hours used for vacation and sick time and intentionally paid her incorrectly.

32.     When Ms. Farren returned to work and found out what Mr. Quadrini had done they a huge argument with him and HR.

33.     After a review form corporate, she was paid the wages that Mr. Quadrini lied about.

34.     Plaintiff was discriminated against based on his work related injury and disability because, on January 5, 2019, he injured his wrist on the job and reported it to the workers compensations company (per company policy).

35.    When Mr. Quadrini found out that Plaintiff reported the injury Mr. Quadrini chastised him for calling it in.

36.    Plaintiff was told by Mr. Quadrini, "You have private insurance and it should have been handled that way. It cost us money and the store gets charged with it."

37.    Defendant had knowledge of Plaintiff's work injury and disability to his wrist, since January 5, 2019, and afterwards, when he informed Defendant of the injury.

1. Defendant and its supervisors, were aware of Plaintiff's work related injury and disability.

2. Plaintiff is a qualified individual with a disability:

      (a)    he has a physical impairment that substantially limits one or more major life activities:  Plaintiff suffers from mobility, stress and fatigue;

      (b)    Plaintiff underwent treatment by a doctor for the care and treatment of his physical disabilities.

      (c)    he has a record of such impairment; and,

      (d)    he was regarded (perceived or otherwise) by his employer as having impairments.

37.    Plaintiff's disabilities substantially affect the major life activities of

7

concentration and mobility.

38.    Plaintiff had the ability to perform the essential functions of his position and did so until his termination on February 11, 2019.

39.    The stated reasons for Plaintiff's termination were pretextual as all managers were in breach of this same policy at some time or another, including Mr. Quadrini, Arron Savoie and Scott Clark who were in breach of the same exact policy doing the same exact thing a few weeks earlier.

## FIRST CAUSE OF ACTION
*(FLORIDA'S WORKERS' COMPENSATION RETALIATION § 440.205)*

40.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

*41.*    Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Workers' Compensation Law. FLA. STAT. § 440.205.

42.    Defendant's acts were with malice and with reckless disregard for Plaintiff's statutorily protected rights.

43.    This is an action to remedy discrimination and retaliation on the basis of Plaintiff's engaging in protective activity of informing Defendant of a work related injury and seeking workers compensation benefits in the terms, conditions, and privileges of his employment with Defendant in violation of the Workers'

Compensation Law. FLA. STAT. § 440.205.

44.    Any possible assertion that there was a viable business justification for the Plaintiff's demotion, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

45.    The adverse personnel action, Plaintiff's termination, clearly violated Plaintiff's right under the Workers' Compensation Law. FLA. STAT. § 440.205 and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

46.    As a result of the Defendant's violations of the Workers' Compensation Law. FLA. STAT. § 440.205, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

47.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

SECOND CAUSE OF ACTION

*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

48.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

49.    This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

50.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

51.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

52.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and

discrimination against him for engaging in a protective activity and for any actual or perceived disability.

53.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

54.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

55.     As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

56.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

57.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§
12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008
(ADAA))*

58.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

59.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

60.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

61.     At all times material hereto, Defendant was an employer within the

meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

62.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

63.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

64.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

65.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

66.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

67.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

<u>FOURTH CAUSE OF ACTION</u>
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

68.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

69.    Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

70.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760

et seq., Florida Statutes.

71.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

72.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

73.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

74.      As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

75.     As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

76.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

77.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FIFTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

79.     This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

80.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

81.     At all times material hereto, Defendant was an employer within the

meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

82.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

83.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

84.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

85.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

86.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

87.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

SIXTH CAUSE OF ACTION
(RETALIATION – TITLE VII)

88.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

89.    This is an action to remedy retaliation by the Defendant in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

90.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

91.    At all times material hereto, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

18

2000e *et seq.,* the Civil Rights Act of 1991, as the Defendant employed more than 15 employees.

92.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

93.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991, and such action clearly constituted a prohibited employment practice, contrary to the public policy of Title VII.

94.     As a result of the Defendant's violations of the Title VII, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

95.     As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

96.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

97.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1991.

SEVENTH CAUSE OF ACTION

(*RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES*)

98.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 39 of this complaint with the same force and effect as if set forth herein.

99.     This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

100.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

101.    At all times material hereto, Defendant was an employer within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

102.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity.

103.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

104.   As a result of the Defendant's violations of the FCRA, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

105.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

106.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

107.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.     Declaring the acts and practices complained of herein are violation of the ADAA, Title VII, Florida Civil Rights Act (FCRA) and Florida's Worker's Compensation Retaliation § 440.205, Florida Statue.

b.     Enjoining and permanently restraining those violations of the ADAA, Title VII, Florida Civil Rights Act (FCRA) and the Florida's Worker's Compensation Retaliation § 440.205 Florida Statue.

c.     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole

for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

       i.       Awarding Plaintiff Front Pay in lieu of reinstatement;

      ii.       Awarding Plaintiff compensatory damages;

     iii.       Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

     e.       Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: February 12, 2020.      By: */s/ Clayton M. Connors*
                                   CLAYTON M. CONNORS
                                   Florida Bar No.: 0095553
                                   Email: cmc@westconlaw.com
                                   **WESTBERRY & CONNORS, LLC.**
                                   4400 Bayou Blvd., Suite 32A
                                   Pensacola, Florida 32503
                                   Tel:  (850) 473-0401
                                   Fax: (850) 473-1388
                                   Attorney for the Plaintiff